IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RANDY WELSCH and CODY WELSCH,<br><br>Plaintiffs,<br><br>v.<br><br>HOOP BEEF SYSTEM, LLC and<br>DR. ROBERT BRYANT,<br><br>Defendants. | Case No. 4:15-cv-03161<br><br><br>ORDER ON FINAL PRETRIAL CONFERENCE |
| HOOP BEEF SYSTEM, LLC<br><br>Counterclaim-Plaintiff,<br>v.<br><br>RANDY WELSCH AND CODY WELSCH,<br><br>Counterclaim-Defendants. | |

A final pretrial conference was held on the 3rd day of March, 2017. Appearing for the parties as counsel were:

Brian Buescher, counsel for Plaintiffs Randy Welsch and Cody Welsch ("Plaintiffs");

Rene Charles Lapierre, counsel for Defendants Hoop Beef System, LLC and Dr. Robert Bryant ("Defendants").

**(A)** **Exhibits.** Exhibit List to be submitted to the court for filing by March 8, 2017.

**(B)** **Uncontroverted Facts.** The parties have agreed that the following may be accepted as established facts for purposes of this case only:

1. Plaintiffs Randy and Cody Welsch conduct a cattle business in Gladstone, Nebraska, operating under the name of C & R Cattle.

2. Defendant Hoop Beef is a limited liability company based in Vermillion, South Dakota.

3. Defendant Dr. Robert Bryant is the founder of Hoop Beef Systems, LLC.

4.       Dr. Robert Bryant sells cattle under the trade name Grand Meadow Feeders.

**(C)**    **Controverted and Unresolved Issues.** The issues remaining to be determined and unresolved matters for the court's attention are:

Plaintiffs' Issues:

**Breach of Contract**

1. Whether Defendants breached the Heifer Contract.

2. Whether Defendants breached the Heifer Contract by delivering heifers that were underweight, in poor health, had unusually low fertility rates, were diseased, or were otherwise not in merchantable condition.

3. Whether Defendants breached the Heifer Contract by failing to provide professional grade consulting services with regard to the heifers purchased under the Heifer Contract, and instead provided Plaintiffs with defective nutritional advice that caused the heifers to suffer serious health issues and death.

4. Whether Defendants breached the implied covenant of good faith and fair dealing that exists within the Heifer Contract by virtue of its actions and inactions.

5. Whether Defendants' breach of the Heifer Contract caused damages to Plaintiffs and the amount of those damages.

**Negligence**

6. Whether Defendants owed a duty to Plaintiffs to (a) fairly and accurately represent the condition of the heifers being sold to Plaintiffs and (b) provide Plaintiffs with defective consulting services on nutrition and related matters with regard to the heifers Plaintiffs purchased from Defendants.

7. Whether Defendants breached the duty it owed to Plaintiffs by (a) misrepresenting the condition of the cattle it sold to them and (b) failing to provide Plaintiffs with defective consulting services on nutrition and related matters with regard to the heifers Plaintiffs purchased from Defendants.

8. Whether Plaintiffs suffered damages proximately caused by Defendants' failure to discharge its duties.

**Breach of Warranty**

9. Whether Defendants breached the express warranty of the merchantability in the Heifer Contract and the implied warranty that the heifers sold were fit for a particular purpose by selling heifers to Plaintiffs that were not in "merchantable" condition nor were they fit for the purpose for which they were sold because they were underweight, diseased, in

poor health, and had unusually low fertility rates as a result of their poor health conditions.

10. Whether Plaintiffs suffered damages proximately caused by Defendants' breach of these warranties.

11. Whether Defendants' actions pursuant to its breach of contract, negligence, and breach of warranty causes of action caused damages to Plaintiffs, and the amount of such damages.

**Unjust Enrichment**

12. Whether Defendants received a benefit from Plaintiffs when Defendants instructed Plaintiffs to have the check from the sale barn in Fairbury, Nebraska (for a heifer owned by Dr. Bryant that had been delivered to the Welsches) handed over to Dr. Bryant, and Dr. Bryant, upon information and belief, cashed this check, even though Plaintiffs had paid in full for this heifer.

13. It is unjust for Defendants to retain the benefits of the heifer check from the sale barn considering the totality of the circumstances, including, but not limited to, the fact that Defendants owe that money and the entire purchase price of this heifer to Plaintiffs and Defendants are wrongfully withholding it.

14. Whether Defendants wrongfully retained a $30,000 deposit for additional bred heifers which should be returned to Plaintiffs given Defendants' breach of the Heifer Contract.

15. Whether it is unjust for Defendants to retain the benefits of the $30,000 deposit, and certain other amounts paid for cattle, considering the totality of the circumstances.

16. Whether Defendants wrongfully retained $1,500 of amounts paid by Plaintiffs for defective building latches.

17. Whether it is unjust for Defendants to retain the benefits of the $1,500 paid for defected building latches.

**Plaintiff's Defenses**

18. Whether Plaintiffs are excused from purchasing the remaining heifers under the original contract due to the material breach of the Heifer Agreement.

19. Whether Plaintiffs are excused from purchasing the remaining heifers under the original contract due to estoppel.

20. Whether Plaintiffs are excused from purchasing the remaining heifers under the original contract due to waiver.

21. Plaintiffs will be filing a motion in limine regarding various issues.

4840-3788-0643.3

**<u>Defendants' Issues:</u>**

1. Whether Plaintiffs breached the Heifer Agreement by refusing to accept delivery of the additional 120 bred heifers.
    a. Assuming a breach occurred, the extent of the damage sustained by Dr. Robert Bryant as a result of the breach.

2. Whether Plaintiffs breached the Building contract with Hoop Beef in failing to pay the remaining $17,820.88 that remained on the contract price.
    a. Assuming a breach occurred, the extent of the damage sustained by Hoop Beef as a result of the breach.

3. Whether the negligence claim against Hoop Beef System is barred by the Economic Loss Doctrine. The Economic Loss Doctrine will be the subject of a Motion in Limine by the Defendants.
    a. Assuming Plaintiffs' negligence claim is not barred, whether Hoop Beef owed a duty to fairly and accurately represent the condition of the heifers and the nutritional advice provided.
    b. Assuming a duty was owed, whether Hoop Beef breached that duty.
    c. The extent of the damage sustained by the Plaintiffs that was proximately caused by the negligence.

4. Whether the Heifer Agreement contained an express warranty of merchantability.
    a. Whether Hoop Beef sold the heifers to the Plaintiffs.
    b. Whether Hoop Beef expressly warranted that the heifers would be merchantable.
    c. Assuming a warranty did exist, whether the heifers were not as warranted.
    d. The extent of the damage sustained by the Plaintiffs that was proximately caused by the breach.

5. Whether the Heifer Agreement contained an implied warranty that the heifers were fit for a particular purpose.
    a. Whether Hoop Beef sold the heifers to the Plaintiffs.
    b. Whether the Plaintiffs purchased the heifers with a particular purpose in mind.
    c. Whether the Plaintiffs were relying on Hoop Beef's skill or judgment that the heifers were suitable for that particular purpose.
    d. Whether the heifers were fit for that particular purpose.

  e. The extent of the damage sustained by the Plaintiffs that was proximately caused by the breach.

6. Whether Hoop Beef and/or Dr. Robert Bryant have been unjustly enriched.
  a. Whether Defendants were unjustly enriched after retaining Plaintiffs' $30,000 deposit for the additional 120 bred heifers after Plaintiffs refused to accept delivery of the heifers.
  b. Whether the Agreement to send an additional heifer with the September 2015 load of heifers constituted a modification of the Heifer Agreement.

7. Defendants will be filing a Motion in Limine regarding many of the theories of recovery and damages alleged by the Plaintiffs.

 **(D)**  **Witnesses.** All witnesses, including rebuttal witnesses, expected to be called to testify by plaintiff, except those who may be called for impeachment purposes as defined in NECivR 16.2(c) only, are:

| Name | Address |
| --- | --- |
| Randy Welsch | Gladstone, NE 68352 |
| Cody Welsch | Gladstone, NE 68352 |
| George E. Miller | Garnett KS 66032 |
| Dr. Randall Pedersen | Royal, NE 68773 |
| Dr. Jason Warner | Eagle, NE |
| Alan R. Doster, DVM, PhD, ACVP | University of Nebraska – Institute of Agriculture and Natural Resources<br>Doctor of Veterinary Medicine<br>Veterinary Diagnostic Center<br>P.O. Box 82646<br>Lincoln, NE 68501-2646 |
| Mike Shurman | Yankton, SD 57078 |
| Dr. Larry Winter (treatment of cattle) | Doctor of Veterinary Medicine<br>Countryside Vet Clinic<br>3030 Industrial Ave<br>Fairbury, NE 68352 |
| Dr. Tyler Kimberlin (treatment of cattle) | Doctor of Veterinary Medicine<br>Fairbury Vet Clinic<br>805 S. K Street<br>Fairbury, NE 68352 |
| Dave Schnuelle | Jansen, NE 68377 |

5

| Any witness listed by the opposing party. | |

All witnesses who may be called solely to establish foundation for an exhibit, Plaintiff may call the following witnesses if the need arises:

| Robert (Chip) Kroeker | Jansen, NE  68377 |
|---|---|
| Dennis Hendricks | Beatrice 77 Livestock<br>North Hwy. 77<br>Beatrice, NE |
| Dr. Bruce Brodersen, DVM | University of Nebraska – Institute of Agriculture and Natural Resources<br>Veterinary Diagnostic Center<br>P.O. Box 82646<br>Lincoln, NE  68501-2646 |
| Heather Ramig | Midwest Laboratories<br>13611 B Street<br>Omaha, NE  68144 |
| Dale W. Miskimins, DVM | Animal Disease Research & Diagnostic Laboratory<br>Veterinary and Biomedical Sciences Department<br>South Dakota State University<br>Box 2175, North Campus Drive<br>Brookings, SD  57007-1395 |
| Eddie Grummert | 56220 715 Rd., Gladstone, NE  68352 |
| Any additional witness needed to establish foundation. | |

All witnesses expected to be called to testify by defendant, except those who may be called for impeachment purposes as defined in NECivR 16.2(c) only, are:

1. Brent Bryant
   Aurelia, IA 51005

2. Dr. Robert Bryant
   Storm Lake, IA 50588

3. Tim Bickett
   Worthington, MN 56187

4. Matt Schulte
   Vermillion, SD 57069

5. Dr. Sara Barber

6

        Worthington, MN 56187

6. Dr. Daniel Little
   2301 Research Parkway, Suite 155
   Brookings, SD 57006

7. Dr. Monty Kerley
   470 S. Highway UU
   Columbia, MO 65203

8. Any witness necessary to lay foundation.

It is understood that, except upon a showing of good cause, no witness whose name and address does not appear herein shall be permitted to testify over objection for any purpose except impeachment. A witness whose only testimony is intended to establish foundation for an exhibit for which foundation has not been waived shall not be permitted to testify for any other purpose, over objection, unless such witness has been disclosed pursuant to Federal Rule of Civil Procedure 26(a)(3). A witness appearing on any party's witness list may be called by any other party.

**(E)** **Expert Witnesses' Qualifications.** Experts to be called by plaintiff and their qualifications are:

| Name and Address | Qualifications |
| --- | --- |
| Jason M. Warner, Ph.D.<br>Great Plains Livestock Consulting, Inc.<br>P.O. Box 377<br>Eagle, NE  68347 | See attached CV |
| Randall E. Pedersen, DVM<br>Royal, NE  68773-5023 | See attached CV |

Experts to be called by defendant and their qualifications are:

| Name and Address | Qualifications |
| --- | --- |
| Dr. Daniel Little | See attached CV |
| Dr. Monty Kerley | See attached CV |

**(F)** **Voir Dire.** Counsel have reviewed Federal Rule of Civil Procedure 47(a) and NECivR 47.2(a) and suggest the following with regard to the conduct of juror examination:

7

4840-3788-0643.3

Following the Court's examination, counsel for the parties seek permission to examine the jury.

**(G)    Number of Jurors.** Counsel have reviewed Federal Rule of Civil Procedure 48 and NECivR 48.1 and suggest that this matter be tried to a jury composed of ~~12~~ **7-8** members.

**(H)    Verdict.** The parties will not stipulate to a less-than-unanimous verdict.

**(I)    Briefs, Instructions, and Proposed Findings.** Counsel have reviewed NECivR 39.2(a), 51.1(a), and 52.1, and suggest the following schedule for filing trial briefs, proposed jury instructions, and proposed findings of fact, as applicable:

Trial briefs, proposed jury instructions, and all motions in limine shall be filed by <u>March 13, 2017</u>.

**(J)    Length of Trial.** Counsel estimate the length of trial will consume not less than 4 day(s), not more than <u>10</u> day(s), and probably about 6 day(s).

**(K)    Trial Date.** Trial is set for <u>March 20, 2017</u>.

RANDY WELSCH and CODY WELSCH, Plaintiffs,

HOOP BEEF SYSTEM, LLC, and DR. ROBERT BRYANT, Defendants,

By  */s/ Brian C. Buescher*
   Brian C. Buescher #21920
   Dwyer Arce #25709
   Kutak Rock LLP
   1650 Farnam Street
   Omaha, Nebraska 68102-2186
   (402) 346-6000
   Brian.Buescher@KutakRock.com
   Dwyer.Arce@KutakRock.com
   *Attorneys for Plaintiffs*

By  */s/ Rene Charles Lapierre*
   Rene Charles Lapierre
   Klass Law Firm, L.L.P.
   Mayfair Center, Upper Level
   4280 Sergeant Road, Suite 290
   Sioux City, Iowa 51106
   (712) 252-1866
   lapierre@klasslaw.com
   *Attorney for Defendants*

March 3, 2017.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge